UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**RICHARD HIDALGO, 79-B-0148,**

                            **Plaintiff,**                        **01-CV-0057E(Sr)**

**v.**

**DR. ALVES, et al.,**

                            **Defendants.**

---

### DECISION AND ORDER

        Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #64.

        During the course of a status conference on January 14, 2010, plaintiff informed the Court that he did not want to set a trial date but instead wished to withdraw this action. The Court afforded plaintiff the opportunity to file a motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure no later than January 27, 2010, but plaintiff has not done so.

        As a result, the Court ordered plaintiff to show cause, in writing, no later than March 29, 2010, why this matter should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Dkt. #93. Plaintiff was

warned that his failure to comply with this Order would result in the dismissal of this action with prejudice. Plaintiff has not responded to the Order to Show Cause.

> Rule 41(b) of the Federal Rules of Civil Procedure provides that
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

As dismissal for failure to prosecute is a harsh remedy, courts must consider whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to a fair day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

This case has been pending more than nine years and is currently ready for trial. However, plaintiff has indicated to the Court that he does not want to appear at trial and wishes to withdraw his claims. The Court afforded plaintiff the opportunity to file a motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, but plaintiff has failed to do so. The Court warned plaintiff that his failure to move for voluntary dismissal would result in dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, but plaintiff failed to respond to the Court's Order to Show Cause why the action should not be

dismissed for failure to prosecute.  Given these circumstances, the Court can conceive of no alternative other than involuntary dismissal to resolve this case.

The Clerk of the Clerk of the Court is directed to dismiss this action pursuant to rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

DATED:    Buffalo, New York
              March 31, 2010

                                          <u>s/ H. Kenneth Schroeder, Jr.</u>
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**